IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| DEENA LINDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:21-cv-143-JTA |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| Acting Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Unopposed Motion for Entry of Judgment under Sentence

Four of 42 U.S.C. § 405(g) with Remand to the Defendant filed by the Acting

Commissioner of Social Security ("Commissioner") on January 14, 2022.  (Doc. No. 23.)

In her Memorandum in Support of her Unopposed Motion, the Acting Commissioner states

remand is appropriate so that an administrative law judge may re-evaluate the Plaintiff's

residual functional capacity; seek supplemental vocational expert evidence to determine

whether there is a significant number of jobs in the national economy that the Plaintiff can

perform; identify and resolve any conflicts between the occupational evidence provided by

the vocational expert and information in the Dictionary of Occupational Titles; give the

Plaintiff an opportunity for a hearing; and issue a new decision.  (Doc. No. 23 at 1.)

Sentence four of 42 U.S.C. § 405(g) authorizes the district court to "enter, upon the

pleadings and transcript of the record, a judgment affirming, modifying, or reversing the

decision of the Commissioner of Social Security, with or without remanding the cause for

a rehearing."   42 U.S.C. § 405(g).   The district court may remand a case to the

Commissioner for a rehearing if the court finds "either . . . the decision is not supported by

substantial evidence, or . . . the Commissioner or the ALJ incorrectly applied the law

relevant to the disability claim." *Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1996).

Here, the Court finds remand necessary as the Acting Commissioner concedes that

re-evaluation of the Plaintiff's residual functional capacity and supplemental vocational

expert evidence are necessary.  (Doc. No. 23 at 1.)  Moreover, Plaintiff does not oppose

the motion. (*Id*. at 2.)  Further, pursuant to 28 U.S.C. § 636(c)(1) and Rule 73 of the Federal

Rules of Civil Procedure, the parties have consented to the full jurisdiction of the

undersigned United States Magistrate Judge.  (Docs. No. 16, 17.)

Accordingly, it is hereby ORDERED as follows:

1.  The Commissioner's motion (Doc. No. 23) is GRANTED.

2.  The decision of the Commissioner is hereby REVERSED.

3.  This matter is hereby REMANDED to the Commissioner for further proceedings

    pursuant to sentence four of 42 U.S.C. § 405(g).

A separate final judgment will issue.

DONE this 18th day of January, 2022.

_____

JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE

2